Assuming that the plaintiff was, in the first instance, entitled to exemption as the owner or manager of fifteen hands, we are of opinion that he is too late in now making an application on that ground.
One of the conditions of the exemption is that the party "shall sell the surplus of provisions and grain now on hand, and which he may raise from year to year, to the Government," etc.
We think the application must be made in reasonable time, so that the Government may have the benefit of this condition in respect to the provisions and grain on hand. This application was not made until November, 1864, nine months after the passage of the act, which is not in reasonable time; for during that period the surplus of provisions and grain on hand in February, 1864, may have been sold, exchanged, or otherwise disposed of, and thus the Government would lose the benefit of a condition which has been made impossible by the act (432) of the plaintiff.
Whether an allegation that the plaintiff had on hand at the time he made the application now relied on the same surplus of provisions and grain which he had in February, 1864, would have met this objection, is a question not presented. It would seem, owing to the nature of the subject, that the Government should not be subjected to the inconvenience of going into such collateral matters by the folly or misfortune of the plaintiff in not putting his claim to exemption, in the first instance, on the ground he now takes. In a few words, the exemption is made to depend on a condition precedent, that the Government shall have his surplus provisions and grain at certain rates. Its performance is made impossible by the delay of the plaintiff, which is his misfortune.
The case of Savage, on which his Honor puts his opinion, was *Page 278 
decided without reference to the point on which this decision is put. It is a new suggestion on the construction of the act of Congress, but, we think, well founded.
There is error. Judgment reversed, and judgment that the petitioner be remanded.